IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

Wells Fargo Bank, N.A.,

Plaintiff(s),

v.

RLJ Lodging Trust,

Defendant(s).

Case No. 13-cv-00758
Judge Jeffrey T. Gilbert

**ORDER**

Defendant RLJ Lodging Trust's Motion for In Camera Inspection To Compel Production of Unredacted Document [69] is granted in part (as to the request for in camera inspection) and denied as to the motion to compel. At the Court's request, Plaintiff submitted the document that is the subject of the motion for in camera inspection in un-redacted form on 7/7/14. The Court has since reviewed the document and now denies Defendant's motion to compel production of that document in un-redacted form. See Statement below for further details.

**STATEMENT**

I.   **Background Facts**

The document at issue is an Asset Status Report ("ASR") prepared by Daniel Greenholtz, an employee of Plaintiff Torchlight Loan Services, LLC ("Plaintiff" or "Torchlight") on February 16, 2012. Mr. Greenholtz was deposed on April 22, 2014, by counsel for Defendant RLJ Lodging Trust ("Defendant" or "RLJ") and he was questioned about the ASR during his deposition. He testified that the ASR was one of the documents that he reviewed a week or so before he was deposed. Transcript of Greenholtz Deposition ("Greenholtz Dep.") at 15-16, attached as Exhibit D to Defendant's Motion to Compel [DE#69-4].

A single sentence was redacted from the ASR when it was produced on the basis of the attorney-client privilege. The redacted sentence is described as containing "legal advice from counsel regarding legal strategy and legal theories regarding the mortgage, note, and guaranty." Plaintiff's Privilege Log, attached as Exhibit 1 to Plaintiff's Response to Defendant's Motion to Compel Privileged Information in Redacted Document [DE#74-1]. Mr. Greenholtz testified the version of the document he reviewed before his deposition did not have that sentence redacted. Greenholtz Dep at 34 - 35. At his deposition, Mr. Greenholtz said that his review of a number of documents in his litigation file – which the Court assumes included the un-redacted ASR based upon Mr. Greenholtz's testimony and the presentation in Defendant's motion – "somewhat" refreshed his recollection. Id. at 20. Mr. Greenholtz also testified that his review of "correspondence with legal counsel" from his files in preparation for his deposition refreshed his recollection "as to the general circumstances that were involved in this matter." Id. at 17.

Another Torchlight employee, Gianluca Montalti, testified that he reviewed "old material" to prepare for his deposition, including the ASR (presumably in un-redacted form though that is not as clear from Mr. Montalti's deposition) and some loan documentation. Transcript of Montalti Deposition ("Montalti Dep.") at 23-24, attached as Exhibit E to Defendant's Motion to Compel [DE#69-5]. Mr. Montalti testified that he did not "do an extensive review" of the old file materials before his deposition. Id. at 24. He did not recall whether or not the version of the ASR that he reviewed before his deposition contained a summary of advice from legal counsel. Id. at 110.

## II. The Redacted Sentence is an Attorney-Client Privileged Communication

Both parties agree that New York law applies to the threshold determination of whether the redacted material is an attorney-client privileged communication. Fed.R.Evid. 501. Based upon the Court's in camera review of the un-redacted ASR, the sentence that was redacted from the version of the document produced to Defendant clearly contains legal advice that Mr. Greenholtz received from Torchlight's lawyers at Holland & Knight. The substance of the redacted sentence is entirely consistent with the description of the redacted material set forth in Torchlight's privilege log. [DE#74-1]

That Mr. Greenholtz, a non-lawyer, communicated the legal advice to other non-lawyers comprising the Special Servicing Committee within Torchlight for their consideration in determining the course of action to follow in connection with the loan ultimately at issue in this case does not remove the legal advice he received from Torchlight's lawyers from the protection of the attorney-client privilege. *Baptiste v. Cushman & Wakefield, Inc.*, 2004 WL 330235*2 (S.D. N.Y. Feb. 20, 2004) ("communications which reflect legal advice given by counsel to a corporation do not lose their privileged status when shared among corporate employees who share responsibility for the subject matter of the communication"); *Charter One Bank, F.S.B. v. Midtown Rochester, L.L.C.*, 738 N.Y.S.2d 179, 190 (N.Y. Sup. Ct. 2002).

Accordingly, Torchlight has met its burden of showing that the sentence redacted from the ASR that was produced to Defendant is covered by the attorney-client privilege. The Court therefore need not reach Torchlight's alternative argument that the redacted sentence also is protected from disclosure by the attorney work product doctrine.

## III. The Attorney-Client Privilege Has Not Been Waived As To The Sentence Redacted From the ASR

Defendant argues that even if the redacted material is covered by the attorney-client privilege, it is entitled to see the sentence redacted from the ASR because Torchlight waived the privilege when it showed an un-redacted version of the ASR to Mr. Greenholtz and Mr. Montalti before their depositions, both deponents reviewed the un-redacted version of the ASR, and both testified that their review of the un-redacted ASR refreshed their recollections about the underlying loan transaction in dispute in this case.

Rule 612 of the Federal Rules of Evidence gives the Court discretion to order production of a writing used by a witness to refresh his or her memory before testifying, whether at trial or in a deposition, if the Court determines "that justice requires" the adverse party to have the document for the purpose of more effectively examining the witness or deponent. Fed.R.Evid. 612(a)(2). Citing some of the same authority referenced by the

Weinstein Treatise on Evidence cautions that "for an adversary to obtain production of a writing [a witness reviewed before testifying], the witness must have actually relied on the writing to refresh his or her memory." Weinstein's Federal Evidence (Second Edition) § 612.04[2][b] at 612-21. "[E]ven if the witness consults a writing while testifying [which is not the case here], the adverse party is not entitled to see it unless the writing influenced the witness's testimony." Id, citing Sporck v. Peil, 759 F.2d 312, 385 (3rd Cir. 1985), also cited by both parties in this case as a controlling decision in this area, among other cases.

The Court has read all the case authority cited by the parties. The better reasoned cases employ a functional approach in determining whether "justice requires" production of a document reviewed by a witness before testifying. That involves inquiry into, among other things, whether the document or, in this case, the portion of the document being withheld reasonably can be said to have influenced the witness's testimony, whether production of the withheld material would resolve credibility issues, whether disclosure would breach confidentiality, and whether production is necessary for fair cross-examination or whether, instead, the examining party is on a 'fishing expedition.' *See In re Rivastigmine Patent Litigation*, 486 F. Supp. 2d 241, 242-244 (S.D. N.Y. 2007); Weinstein's Federal Evidence (Second Edition) § 612.04[2][b] at 612-24 and 25 (citations omitted). Courts take a particularly close look at whether a witness's review of his own privileged documents before testifying is a basis for ordering production of those documents to an adversary. *Suss v. MSX Intern. Engineering Services, Inc.*, 212 F.R.D. 159, 164 (S.D. N.Y. 2002).

Defendant has to show two things to prevail on its Motion to Compel. First, that the redacted portion of the ASR that the Torchlight witnesses admit they reviewed before their respective depositions refreshed their memories and, second, that the material they reviewed influenced or had an impact upon their testimony. The Court has focused on Mr. Greenholtz's deposition testimony. Although Mr. Montalti testified he reviewed an un-redacted version of the ASR among other "old material[s]" before his deposition, he said he did not extensively review those materials and he could not recall whether the ASR he reviewed contained a summary of advice from legal counsel. Montalti Dep. at 23-24, 110. It is not clear that Mr. Montalti's memory was refreshed from his review of the ASR and it certainly is not clear from his testimony that the redacted sentence containing the advice from counsel at Holland & Knight that was included in Mr. Greenholtz's ASR had any impact on Mr. Montalti's testimony whatsoever.

Mr. Greenholtz testified that he reviewed a number of documents in preparation for his deposition – "[t]wo asset status reports, a security instrument, it may have been a mortgage, promissory note, various correspondence between legal counsel, an internal memorandum." Greenholtz Dep. at 16. He remembered that he reviewed an un-redacted version of his ASR dated February 16, 2012. Id. at 34-35. He testified that his review of all of these documents "somewhat" refreshed his recollection. Id. at 20. Mr. Greenholtz also testified that he reviewed correspondence with legal counsel that refreshed his recollection concerning "the general circumstances that were involved in this matter" but it does not seem from the context of that testimony that he was including the un-redacted ASR in the category of documents comprising correspondence with legal counsel. The ASR was not a communication with legal counsel but, instead, was a communication between Mr. Greenholtz and other non-lawyer business people within Torchlight. Id. at 17.

In any event, Mr. Greenholtz did not testify that the ASR in particular either did or did not refresh his recollection nor, more specifically, did Mr. Greenholtz say that the material that was redacted from the ASR refreshed his recollection about anything. Defendant's counsel had a complete copy of the ASR with its limited redaction available to him at Mr. Greenholtz's deposition and he thoroughly examined Mr. Greenholtz about that document and the matters discussed in it. Mr. Greenholtz was not asked whether the limited material that was redacted from the ASR refreshed his recollection when he read it before his deposition. Defense counsel could not have known during the deposition unless he was told that the redacted material comprised only one sentence but that should not have prevented him from asking whether the redacted material had refreshed Mr. Greenholtz's recollection. Mr. Greenholtz's testimony that a number of documents he reviewed before his deposition "somewhat" refreshed his recollection (Greenholtz Dep. at 20) does not suffice to show that the sentence communicating the legal advice he received from Holland & Knight refreshed Mr. Greenholtz's recollection about that subject.

We now know that the sentence redacted from the ASR communicates legal advice that Mr. Greenholtz himself received from legal counsel and that he communicated up the chain within Torchlight to others in the decision-making chain. In other words, the redacted material reflects Mr. Greenholtz's own prior privileged communication with counsel, not something about which he had no knowledge before his deposition or facts known only to someone else that were communicated to him in preparation for his deposition. This is an area in which courts have been particularly careful in balancing the interests of justice involved in determining whether to order production of a writing within the meaning of Rule 612 of the Federal Rules of Evidence. *Suss v. MSX Intern. Engineering Services, Inc., supra.*

The Court has reviewed the sentence that was redacted from the copy of the ASR that was produced to Defendant and that was the subject of extensive questioning at Mr. Greenholtz's deposition. There is nothing in that sentence that is inconsistent with the rest of Mr. Greenholtz's testimony. Although Defendant speculates in its motion that the redacted sentence "reflects Wells Fargo [Bank N.A.] and Torchlight's uncertainty concerning the enforceability of the 'bad boy' guaranty that is at the center of the litigation" [Defendant's Reply in Support of its Motion [DE#75] at 2, n.1], the Court does not read the sentence that way at all.

For all of these reasons, the Court concludes, in its discretion, this is not a situation in which "justice requires" production of the ASR reviewed by Mr. Greenholtz or Mr. Montalti before their depositions without redaction of the sentence that contains advice Mr. Greenholtz received from legal counsel. There has been no showing that the single sentence that was redacted from the document refreshed the recollection of either witness when they reviewed the document before their depositions or that it influenced either witness's deposition testimony such that it would be unfair to deny Defendant access to it for the purpose of examining the witnesses in deposition or at trial.

Accordingly, Defendant RLJ Lodging Trust's Motion for In Camera Inspection To Compel Production of Unredacted Document [69] is granted in part (as to the request for in camera inspection) and denied as to the motion to compel. It is so ordered.

Date: 8/4/2014

_____
Magistrate Judge Jeffrey T. Gilbert