IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WELLS FARGO BANK, N.A., as )
Trustee for the Registered Holders of )
ML-CFC Commercial Mortgage Trust )
2006-3, acting by and through its ) No. 13 C 758
special servicer, TORCHLIGHT LOAN )
SERVICES, LLC, a Delaware limited ) Jeffrey T. Gilbert
liability company, ) Magistrate Judge
 )
   Plaintiff, )
 )
  v. )
 )
 )
RLJ LODGING TRUST, a Maryland )
real estate investment trust, )
 )
   Defendant. )

## ORDER

Defendant RLJ Lodging Trust's Motion to Compel [ECF 96] is granted in one respect, denied without prejudice in one respect, and denied in all other respects.

## STATEMENT

  Defendant RLJ Lodging Trust ("RLJ") filed a Motion to Compel Plaintiff Wells Fargo Bank, N.A., as trustee acting by and through its special servicer, Torchlight Loan Services, LLC ("Torchlight") to produce monthly remittance reports, watch list deficiency reports and asset status reports for 14 loans serviced by Torchlight for the ML-CFC Commercial Mortgage Trust 2006-3 ("the Trust") which Trust also includes the CY Goshen Loan at issue in this case. RLJ also asks the Court to compel Torchlight to produce "[a] all documents relating to any decisions regarding whether or not the Trust would realize a loss on the CY Goshen Loan or the timing of any such loss realization." RLJ's Second Request for Documents No. 8.

Torchlight objects that the requested documents do not contain information relevant to a claim or defense in this case and the requests are not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure. In addition, Torchlight contends that RLJ's document requests are overbroad (and in one instance, discussed below, vague and ambiguous) and that production of the requested documents would be unduly burdensome in relation to whatever value the information in the documents might have on the issues involved in this case.

Having reviewed the parties' briefs and other supporting materials, the Court agrees in large part with Torchlight. Although all pre-trial discovery is a fishing expedition to some extent, as Judge Posner remarked in *Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923, 931 (7th Cir. 2004)*, courts have discretion to rein in such fishing expeditions when they range too far field or cast too wide a net in a particular case. Rule 26(b)(2)(C)(iii). In the Court's view, as discussed below, the burden and expense on Torchlight of responding to most of RLJ's discovery requests encompassed by RLJ's Motion to Compel outweighs the likely benefit of the information to be obtained considering the needs of the case, the issues to which the discovery supposedly relates and the importance of the discovery in resolving those issues. *Id.*

A.

RLJ argues that documents relating to Torchlight's servicing of other loans within the Trust could be relevant to RLJ's defense that Torchlight breached its covenant of good faith and fair dealing by unreasonably exercising its discretion in connection with foreclosure proceedings it initiated with respect to the CY Goshen Loan involved in this case. RLJ postulates that Torchlight may have been motivated to prolong the foreclosure proceedings relating to the CY Goshen Loan for its own financial gain in the form of, among other things, increased interest or

2

fees, so that discovery concerning how Torchlight dealt with other borrowers on other defaulted loans could animate RLJ's argument to the extent Torchlight dealt with those borrowers differently than it dealt with RLJ. But evidence of how Torchlight serviced other commercial loans with potentially different terms under different circumstances, and how it dealt with different borrowers, is largely irrelevant to whether Torchlight acted in a commercially reasonably manner with respect to the CY Goshen Loan. In the Court's view, it would be of extremely limited value to compare, for example, Torchlight's reasons for not immediately accepting RLJ's offer of a deed in lieu of foreclosure in this case with how it may have reacted to an offer of a deed in lieu in another case.

Similarly, Torchlight's conduct vis a vis borrowers in other cases is of very limited value in determining, among other things, whether RLJ's responsive pleadings filed in the CY Goshen Loan foreclosure proceeding can be characterized as "material interference" with the Lender's rights within the meaning of the Guaranty in this case. The specifics of the relationship between Torchlight and RLJ and the parties' dealings with each other over the life of the CY Goshen Loan, the value of the hotel property to the Trust in this case, and a myriad of other factors render comparison between Torchlight's actions concerning the CY Goshen Loan and its actions concerning other loans in the Trust serviced by Torchlight of very limited value.

Moreover, any tangential or "circumstantial" relevance (in RLJ's words in its Reply, ECF 103, at 2) that these documents may have on the issues involved in this case – and the Court views that relevance as being slight, if any, whether circumstantial or otherwise – is outweighed by the burden on Torchlight of producing them. While RLJ says it is seeking documents relating to "only" 14 other loans in the Trust, the number of documents involved for each of the 14 other loans, on a monthly basis for almost a two-year period, likely is substantial. Further, the

possibility of additional, follow-up discovery into Torchlight's actions concerning the 14 other loans if the discovery RLJ now seeks is allowed, and the potential requests for other documents relating to the 14 other loans that would be necessary to make the kinds of comparisons RLJ argues would be relevant here, threatens to increase the cost of discovery in this case involving one loan beyond what is reasonable under the circumstances.

Nothing prevents RLJ from arguing that Torchlight pursued foreclosure <u>in this case</u> in a commercially unreasonable manner based upon <u>the facts of this case</u>. But discovery concerning how Torchlight dealt with other loans and borrowers in default under the facts of those other cases, given the terms of the loans or guarantees in those cases, and Torchlight's relationship with, and the conduct of, the other borrowers in those cases, is beyond the field of useful discovery in this case.

B.

The Court views somewhat differently RLJ's request for documents relating to decisions regarding the timing of any loss realization for the CY Goshen Loan. RLJ's Second Request for Production No. 8. Torchlight objects to this request arguing that it seeks irrelevant information, and that it is vague, ambiguous, overly-broad and unduly burdensome. [ECF 96 at 5-6.] In its response brief, however, Torchlight focuses principally on its relevance objection. [ECF 98 at 7-8.]

RLJ argues that information concerning the timing of any loss realized on the CY Goshen Loan is relevant as it might shed light on whether Torchlight had a financial self-interest in delaying realization of a loss on the CY Goshen Loan, which could support RLJ's defense that the Guaranty is unenforceable because Torchlight, as the Trust's servicer, unreasonably exercised its discretion in connection with foreclosure on that loan. [ECF 103 at 2.] RLJ's argument

4

concerning Torchlight's motives in the foreclosure proceeding is somewhat speculative and undeveloped, and maybe even a bit of a reach as a basis for a defense grounded on a breach of the covenant of good faith and fair dealing. On the other hand, Torchlight's objection to producing the requested documents because they are not relevant is a relatively thin reed upon which to rely in opposing discovery concerning Torchlight's conduct with respect to the loan at issue in this case. Further, its arguments mostly go to the weight or persuasive value of the evidence RLJ is seeking given its view that RLJ's obligations under the Guaranty are absolute and unconditional, which begs the question of whether the documents could be relevant to RLJ's covenant of good faith and fair dealing defense against enforcement of the Guaranty. [ECF 98 at 5, 7-8.] Deciding whether RLJ can succeed on its good faith and fair dealing argument is different than deciding whether RLJ is entitled to discovery that it arguably could use to make its argument.

The Court notes that it is concerned here only with documents relating to any decision by Torchlight regarding the timing of any loss realization, not documents relating to whether or not the Trust actually would realize a loss on the CY Goshen Loan. Whether or not the Trust would realize a loss on that loan, depends upon whether the loan would be repaid in full which was not completely within Torchlight's control other than with respect to timing.

Importantly, however, the parties do not appear to have met and conferred about RLJ's Second Request for Production No. 8. None of the correspondence attached to RLJ's Motion to Compel mentions this request. In response to Torchlight's objection to this request, RLJ does not appear to have clarified what documents it is seeking. It is not clear whether any responsive, non-privileged documents exist that would be responsive to this request and have not already been produced. Nor is it clear how much trouble it would be to search for and produce such

documents if they do exist and have not yet been produced. Of course, if Torchlight has no documents relating to a decision regarding the timing of loss realization for the CY Goshen Loan, then this is a fight not worth having.

Accordingly, RLJ's Motion to Compel production of documents relating to the timing of any loss realization for the CY Goshen Loan is denied without prejudice. Local Rule 37.2. The parties shall meet and confer about RLJ's Second Request for Production No. 8 to the extent it seeks documents relating to decisions concerning the timing of loss realization for the CY Goshen Loan. This matter is set for January 20, 2015 at 10:00 a.m. for a report on the results of the parties' discussion. If the parties have not resolved the issue, the Court will entertain, if necessary, an oral motion by RLJ to reconsider the denial without prejudice of its Motion to Compel in this one respect. The Court will consider requiring Torchlight to produce documents relating to any decision regarding the timing of loss realization for the CY Goshen Loan provided that the process of searching for and producing those documents is not unduly burdensome on Torchlight in relationship to the arguable relevance of the information being sought. These arguments were not well-developed in the parties' briefing, perhaps because RLJ did not fully articulate its theory concerning the relevance of documents regarding a decision concerning the timing of loss realization until its Reply brief [ECF 103].

It is so ordered.

Dated: January 12, 2015

_____
Jeffrey T. Gilbert
United States Magistrate Judge